IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DONALD SHARP,

      Plaintiff,

vs.                              No. CV 21-00829 WJ/GBW

GENERAL SERVICES DEPARTMENT
OF NEW MEXICO and
CLINTON NICLY,

      Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER is before the Court *sua sponte* under Fed. R. Civ. P. 41(b) on the handwritten Civil Complaint ("Complaint ") filed by Plaintiff Donald Sharp (Doc. 1). The Court will dismiss the Complaint without prejudice for failure to comply with Court orders, statutes, and rules, and failure to prosecute this proceeding.

Plaintiff Donald Sharp filed his Complaint on August 25, 2021. (Doc. 1). Plaintiff did not pay the filing fee or submit an application to proceed *in forma pauperis* at the time he filed the Complaint. The Court entered an Order to Cure Deficiencies on September 3, 2021, directing Plaintiff Sharp to cure deficiencies in his filing and to either pay the filing fee or submit an application to proceed under 28 U.S.C. § 1915 within thirty days of entry of the Order. (Doc. 2). The Court also provided Plaintiff with a form Application to Proceed in District Court Without Prepayment of Fees or Costs. (Doc. 2). The Order advised Plaintiff that, if he failed to cure the deficiency within the 30-day time period, the Court could dismiss this proceeding without further notice. (Doc. 2 at 2). Plaintiff Sharp did not comply with the Court's September 3, 2021 Order.

1

This is one of many cases filed by Plaintiff Sharp advancing a theory that local, state, and federal governmental officials and agencies are engaged in a racketeering and fraud scheme based on the failure of elected New Mexico officials to post surety bonds with the New Mexico Secretary of State. (Doc. 1 at 1-3). In this case, Sharp seeks $90 million in damages and the death penalty for Defendants. (Doc. 1 at 3). The Court notes that Sharp has filed a number of civil cases with the Court under the names Tommy Sharp, Donald Sharp, Donald Thomas Sharp, and Donald Tommy Sharp.[1] He is presently under filing restrictions imposed by the Court due to his lengthy and abusive litigation history. *See Sharp v. State of New Mexico*, CV 21-00700 WJ/SMV.

More than four months have elapsed since entry of the Court's Order to Cure Deficiency. Plaintiff has not paid the $400 filing fee or submitted an application to proceed under § 1915 in proper form. Instead, Plaintiff has refused to pay the filing fee in any of his civil cases, claiming that he is entitled to have all court fees discharged.[2] As Plaintiff has been advised, regardless of whether his Civil Complaint is treated as a RICO Act claim or a civil rights case, it is a civil action

---

[1] See, including but not limited to, *Sharp v. Federal Bureau of Investigation,* CV 21-00770 KWR/SCY, *Sharp v. U.S. House of Representatives,* CV 21-00771 MV/SCY; *Sharp v. Lea County Sheriff,* CV 21-00772 MV/LF; *Sharp v. Gonzales,* CV 21-00769 MV/LF; *Sharp v. United States,* CV 21-00698 JB/GBW; *Sharp v. Core Civic,* CV 21-00699 KG/GJF; *Sharp v. State of New Mexico*, CV 21-00700 WJ/SMV; *Sharp v. Raysanek*, CV 21-00703 JB/JFR; *Sharp v. Department of Justice*, CV 21-704 MV/JFR; *Sharp v. U.S. Supreme Court*, CV 21-00705 JCH/KBM; *Sharp v. New Mexico Board of Finance,* CV 21-00711 JB//GBW; *Sharp v. City of Edgewood Chief of Police,* CV 21-00712 JB/JHR; *Sharp v. Mace*, *Cibola County Sheriff,* CV 21-00714 MV/SMV; *Sharp v. Biden*, CV 21-00719 KWR/CG, *Sharp v. El*, CV 21-00720 KWR/GBW; *Sharp v. U.S. Marshall Service*, CV 21-00721 RB/GJF; *Sharp v. U.S. Federal Public Defenders Office,* CV 21-00819 JB/CG; *Sharp,, et al., v. Core Civic,* CV 21-00820 WJ/JFR.

[2] Although a copy of the Order to Cure Deficiency mailed to Plaintiff at his address of record was returned as undeliverable (Doc. 4), Plaintiff Sharp has been repeatedly informed and is well-aware of the obligation to pay the filing fee or apply to proceed *in forma pauperis* in all of his civil cases but has refused to do so. *See, e.g., Sharp v. Biden,* No. CV 21-00719 KWR/CG; *Sharp v. United States Marshal Service,* No. CV 21-00721 RB/LF. Further attempts to compel him to do so would be fruitless and a waste of the Court's time and resources.

and under 28 U.S.C. §§ 1914(a) and 1915(a), the Court is required collect the filing fee from the Plaintiff or authorize Plaintiff to proceed without prepayment of the fee. Plaintiff has failed to either pay the $400.00 filing fee or submit an application to proceed under § 1915 in proper form.

The Court may dismiss a proceeding under Fed. R. Civ. P. 41(b) for failure to comply with statutes or rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003). Therefore, the Court will dismiss this civil proceeding pursuant to Rule 41(b) for failure to comply with 28 U.S.C. §§ 1914, 1915, failure to comply with the Court's Order of August 26, 2021, failure to comply with federal statutes, and failure to prosecute this proceeding.

Also pending before the Court is a Motion for Summary Judgment submitted by Sharp. (Doc. 6). The Court notes that the motion does not comply with the requirements of Fed. R. Civ. P. 56 and does not establish that Sharp is entitled to judgment as a matter of law in this case. However, the Court will deny the motion as moot in light of the dismissal of this case rather than addressing the Motion's lack of merit.

**IT IS ORDERED**

**(1)** the Motion for Summary Judgment submitted by Plaintiff Donald Sharp (Doc. 6) is **DENIED** as moot; and

**(2)** the Civil Complaint filed by Plaintiff Donald Sharp on August 25, 2021(Doc. 1) is **DISMISSED** without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute, failure to comply with 28 U.S.C. §§ 1914 and 1915, and failure to comply with the Court's September 3, 2021 Order.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE